

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,572-01

### EX PARTE CHAMEL NICOLE ANDERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F09-56401-U IN THE 291ST DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty in exchange for five years' deferred adjudication community supervision. Her guilt was later adjudicated, and she was sentenced to ten years' imprisonment. The Fifth Court of Appeals affirmed her conviction. *Anderson v. State*, No. 05-12-01341-CR (Tex. App. — Dallas, December 2, 2013, no pet.).

Applicant contends, among other things,[1] that her trial counsel rendered ineffective assistance during her original plea and at adjudication. Applicant alleges that her original plea counsel did not visit her immediately after her arrest, did not request an examining trial or move for a speedy trial, did not show Applicant the evidence against her or explain the proceedings to her, did not call defense witnesses, and coerced her into pleading guilty. Applicant alleges that she was under the influence of mind-altering medications at the time of her plea, and did not understand the consequences of signing the plea paperwork.

With respect to adjudication counsel, Applicant alleges that he disregarded the information provided to him by Applicant, did not provide any defense strategy or compel the State to prove the alleged violations of the conditions of community supervision, did not explain the plea paperwork to Applicant before she signed it and altered that paperwork after Applicant had signed it, did not inform Applicant that she could withdraw her plea of "true," and did not object to hearsay testimony.

Applicant has alleged facts that, if true, might entitle to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and adjudication counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's plea counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact as to whether the performance of Applicant's adjudication counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 14, 2015
Do not publish